IN THE MATTER OF THURMAN P. THOMAS, GUARDIAN OF MARY AUGUSTA LANCASTER, INCOMPETENT

No. 759SC617

(Filed 7 January 1976)

Appeal and Error § 7—standing to appeal — person dismissed as party
       Attempted appeal from an order confirming the sale of an incompetent's property by a person who had been dismissed as a party

to the proceeding, did not appeal his dismissal, and had no interest in the subject matter is dismissed.

APPEAL by Mary Augusta Lancaster, Incompetent, from *Hobgood, Judge.* Order entered 25 April 1975, Superior Court, FRANKLIN County. Heard in the Court of Appeals 12 November 1975.

On 28 November 1973, Thurman P. Thomas, Guardian of Mary Augusta Lancaster, Incompetent, filed a petition asking the court to direct the sale of the incompetent's lands for the purpose of paying debts and creating a fun for the incompetent's maintenance and upkeep at Wake Forest Rest Home or similar institution and other necessary expenses of the ward. On 29 November 1973, the clerk entered an order directing that the lands be sold and appointing William Jolly commissioner to make the sale and report to the court. On 19 December 1973, John F. Matthews filed an application in which he stated that he had, for more than 30 years, been general attorney for Mary Lancaster and "as her friend and attorney" was under a continuing right and duty to protect her interests. He further stated that the petition did not state facts sufficient to support an order of sale, that it did not set out the true facts, that a sale was not necessary, and asked for the appointment of a guardian ad litem.

Thereupon the clerk entered an order appointing Ruby Eaves Underwood, sister of the incompetent, as guardian ad litem for the incompetent. On 31 December 1973, John F. Matthews filed a motion asking for the discharge of Mrs. Underwood as guardian ad litem and the appointment of a guardian ad litem who would act in the best interests of the incompetent and not be likely to be influenced by the guardian or commissioner.

On 10 January 1974, Mrs. Underwood answered the petition. She admitted most of the allegations, and further averred that she, being the sister of the incompetent, was familiar with her sister's circumstances, well acquainted with her sister's real estate holdings, owned farm land adjoining, and knew that her sister's land was in a deteriorating condition. She averred that she had had a lifetime of experience in farming operations, had personal knowledge of her sister's sources of income and of her debts, and agreed that her sister's best interests would be served by a sale of the lands. She further averred that in her

opinion, some of the debts might be without valid consideration and further that collection of some might be barred by the statute of limitations. In her third and further answer she suggested that the court require an accounting by the persons, firms, or corporations handling the incompetent's business affairs under a power of attorney prior to the appointment of a guardian. By her fourth and further answer she averred that she was aware that certain paper writings had been filed in this cause by John F. Matthews, attorney at law and private citizen of Louisburg, N. C., and that he did not represent her sister, the incompetent, in any capacity, had no interest in the subject matter of the action, and she suggested to the court that he had no standing in fact or in law to intervene.

John F. Matthews filed a reply to the answer of the guardian ad litem in which he again took the position that a sale would be adverse to the interests of the incompetent, that the lands could produce income sufficient for the incompetent's needs, that the incompetent was not being fairly represented by the present guardian ad litem. He further stated that he, as attorney for the incompetent, held certain papers, which, at her death, might be declared to be her last will and testament and that a sale of the lands would defeat her testamentary intention. He prayed that Mrs. Underwood be relieved as guardian ad litem and another person appointed or that he be recognized as a friend of the court to assist in determining whether the land should be sold; that any sale be postponed pending a determination of the incompetent's debts; and that pending such determination, the lands be rented.

On 30 July 1974, the guardian ad litem moved for a hearing upon the pleadings and for the entry of such orders or directives as would be in the best interests of the incompetent.

On 21 August 1974, the guardian filed a supplemental petition requesting authority to borrow $2600 to pay outstanding bills, for maintenance and support of the incompetent pending determination of the matters before the court. The court entered an order on 12 October 1974, finding facts and granting the request.

On 31 October 1974, the court held a hearing on John F. Matthews's petition for the removal of Mrs. Underwood. Mr. Matthews stated to the court, in response to questioning by the court, that he did not represent Gary C. Carter or the Car-

ter family nor had he been employed by Gary C. Carter. Mr. Matthews was then allowed by the court to state his contentions with respect to the subject matters of the proceedings. Gary C. Carter was subpoenaed and testified that he had retained John F. Matthews as his attorney in this proceedings for the purpose of stopping the sale of any of the property of Mary Augusta Lancaster; that immediately upon learning of the sale through a legal advertisement in the newspaper, he went to Mr. Matthews's office and hired him to prevent the sale; that he had not paid Mr. Matthews anything but that he had entered into a contract under which Carter "guaranteed that a fee of $1000.00 will be paid to the said attorney, in the settlement of the estate of Mary A. Lancaster, if not otherwise compensated by the allowance by the court and paid to the said attorney . . . " . Carter further testified that he had in his possession a copy of the will of Mary Augusta Lancaster by which she devised all her real estate to Thomas Carter, father of Gary Carter, with the provision that if Thomas Carter predeceased Mary Lancaster, the property would go to Gary Carter; that Mr. Matthews had the original of the will and had discussed the will with him; that he did not want the property sold and employed Mr. Matthews to prevent the sale.

Counsel for the guardian ad litem moved that all pleadings filed by Matthews except the application for appointment of guardian ad litem be stricken and expunged from the record. The clerk found facts, among them that "John F. Matthews is employed to represent the interest of Gary C. Carter in this cause and is not in fact 'a friend of the court' . . . has a serious conflict of interest . . .". The court concluded that neither Matthews nor Carter had any legal standing, that neither was a proper party, and all pleadings filed subsequent to the application should be stricken. The clerk thereupon ordered that all pleadings filed by Matthews subsequent to 19 December 1973 be stricken and of no force and effect, ordered the dismissal of Carter and Matthews as parties, and ordered the commissioner to proceed with the sale.

Carter and Matthews attempted to appeal. On 20 December 1974, Judge Hobgood entered an order in which he made full findings of fact, and concluded that neither Carter nor Matthews was a necessary or proper party to the proceedings and that their appeals should be dismissed. He therefore dismissed them as parties, dismissed their appeals, and ordered the sale

stayed "until such time as either said appeals are dismissed or ruled upon by the North Carolina Court of Appeals." Matthews did not appeal. On motion filed 31 January 1975, by the guardian, joined in by the guardian ad litem, to dismiss Carter's appeal from the 20 December 1974 order, Judge Hobgood dismissed Carter's appeal and ordered the commissioner to proceed with the sale. Carter subsequently notified the court that he did not intend to pursue his appeal.

The sale was had, and after a resale, the clerk entered a confirmatory decree which was confirmed and approved by Judge Hobgood. From this decree and order confirming, John Matthews attempts to bring an appeal to this Court.

*John F. Matthews, attorney.*

*Yarborough, Jolly & Williamson, by E. F. Yarborough, for Thurman P. Thomas, Guardian of the Estate of Mary Augusta Lancaster, Incompetent.*

*David, Sturges & Tomlinson, by Conrad B. Sturges, Jr., for Ruby Eaves Underwood, Guardian Ad Litem of Mary Augusta Lancaster, Incompetent.*

MORRIS, Judge.

No notice of appeal, exceptions, or assignments of error appear in the record filed in this purported appeal. Mr. Matthews asserts that he, on 1 May 1975, handed to the clerk a notice of appeal but the clerk refused to file it. He then petitioned this Court for a writ of mandamus which was denied on 22 July 1975.

Mr. Matthews was, by order of court, dismissed as a party to this action. He took no appeal from that order. The court found that he had no standing in this litigation and no interest in the subject matter. From the evidence before us, those facts are abundantly clear.

The general guardian and the guardian ad litem have moved to dismiss the purported appeal. The motion is well taken

Appeal dismissed.

Judges PARKER and MARTIN concur.